**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDDIE HERNANDEZ MORALES,<br><br>              Plaintiff,<br><br>     v.<br><br>INDIO JAIL MEDICAL STAFF, et al.,<br><br>              Defendants. | NO. EDCV 11-01770-JAK (SS)<br><br>**MEMORANDUM AND ORDER DISMISSING**<br><br>**COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, a California state prisoner proceeding pro se, filed a Complaint alleging violations of 42 U.S.C. section 1983 ("Complaint") against the Indio Jail Medical Staff and one named employee (collectively "Defendants"). For the reasons stated below, the Complaint is dismissed with leave to amend.[1]

Congress mandated that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

dismiss such a complaint, or any portions thereof, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also Lopez v. Smith, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff sues the following defendants: 1) Indio Jail Medical Staff ("the Medical Staff") and 2) Officer Valdez ("Valdez"), an Indio Jail employee. (Complaint at 3).[2] Defendants are all sued in their individual and official capacities. (Id.). Plaintiff asserts that the Medical Staff deprived him of his required epileptic medication, Dilantin, from May 27, 2011 to June 24, 2011, for a total of twenty-six days. (Id. at 3-4). Additionally, he asserts that the Medical Staff failed to provide him medical attention during a seizure on June 19, 2011, despite another inmate's attempts to notify jail staff. (Id. at 5). Further, Plaintiff states that Officer Valdez denied him the right to a grievance procedure following his seizure. (Id. at 3). Plaintiff seeks $10,000.00 in compensatory damages, $40,000.00 in punitive damages, and an injunction ordering a "change of policy in the Riverside County Jails System so inmate[s] won't be deprived of their medication." (Id. at 6).

---

[2] Indio Jail is operated by the Riverside County Sheriff's Department. See http://www.riversidesheriff.org/corrections/. The Court will cite to the Complaint as though it were consecutively paginated.

2

**DISCUSSION**

Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Complaint due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. Lopez, 203 F.3d at 1127-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A.   Plaintiff Fails To State A Claim For Deliberate Indifference**

Plaintiff alleges that the medical staff violated his constitutional rights when they deprived him of his seizure medication, knowing that he was an epileptic inmate. (Complaint at 3-4). He also alleges that they failed to provide medical treatment during his seizure on June 19, 2011. (Id. at 4).

Deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment. West v. Atkins, 487 U.S. 42, 49, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). A prisoner must show that he was confined under conditions posing a risk of "objectively, sufficiently serious" harm and that the officials had a sufficiently culpable state of mind in denying the proper medical care. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). There must also be a purposeful act or failure to act on the part of the official resulting in harm to Plaintiff. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Moreover, deliberate indifference "'entails something more than mere negligence.'" Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)

(quoting Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)); see also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004) ("A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.").

Here, Plaintiff generally alleges that the Indio Jail medical staff knowingly deprived him of his seizure medication and failed to provide any medical attention during a seizure. (Complaint at 3, 5). However, Plaintiff specifically alleges only that he told an unnamed nurse upon processing that he required Dilantin and asked her the following day "if she had any seizure medication available for [him], and she stated, that she did not have such prescribed medication for [his] seizure disorder. This went on for (26) days . . . ." (Id. at 5). While the intentional withholding of medication knowing that a patient requires it may state a claim for deliberate indifference, it is unclear from the Complaint whether the Medical Staff actually diagnosed Plaintiff with a seizure disorder or otherwise acknowledged his condition; whether Plaintiff continued to request seizure medication beyond this single request, and to whom; what, specifically, Plaintiff meant by the phrase "this went on"; and whether the lack of a prescription for Dilantin the morning after Plaintiff was processed into the Indio Jail was due to the Medical Staff's deliberate indifference, negligence, or some other reason.

Furthermore, with respect to the failure to provide medical attention during his seizure, Plaintiff states that a fellow inmate "tried notifying jail staff but to no avail. . . . There was no medical attention during this incident of mine nor jail staff available at that

4

particular time." (Id. at 6). Plaintiff therefore fails to allege that an individual on the Medical Staff was aware he was experiencing a seizure, or that any individual deliberately withheld treatment during the seizure. Plaintiff must allege specific facts involving specific individuals, if he can, showing that a particular individual had actual knowledge of his serious medical need and purposely decided not to provide medical care. Jett, 439 F.3d at 1096. Absent such a showing, Plaintiff fails to state a claim for deliberate indifference. Accordingly, the Complaint must be dismissed with leave to amend.

**B.     Plaintiff Fails To Clearly Identify Individual Medical Staff Defendants And Show Their Personal Participation**

Plaintiff asserts that the Indio Jail "medical staff" violated the Eighth Amendment by failing to provide him with seizure medication and by failing to provide medical care when he experienced a seizure. (Complaint at 3-5). Section 1983 provides a cause of action against any "person" who, under color of state law, deprives an individual of federal constitutional rights. 42 U.S.C. § 1983. The term "person" includes county officials sued in their individual capacity. Vance v. County of Santa Clara, 928 F. Supp. 993, 995-996 (N.D. Cal. 1996). A plaintiff must show either direct, personal participation by the defendant or some sufficient causal connection between the defendant's conduct and the alleged constitutional violation. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Here, Plaintiff fails to name any individuals from the medical staff or to show how any particular individual violated his civil

5

rights.  Accordingly, the Complaint must be dismissed with leave to amend.

**C.  The Claims, To The Extent They Seek Monetary Relief Against Defendants In Their Official Capacity, Are Defective**

Plaintiff sues Defendants in both their individual and official capacities.  (Complaint at 3).  A suit against a defendant in his individual capacity "seek[s] to impose personal liability upon a government official for actions he takes under color of state law. . . . Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent."  Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (internal quotation marks omitted; emphasis added); see also Community House, Inc. v. City of Boise, Idaho, 623 F.3d 945, 966-67 (9th Cir. 2010) (an official capacity suit is treated as a suit against the entity).  A county government cannot be sued unless it "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation [Plaintiff] suffered."  See Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).

Here, Plaintiff does not allege that he was deprived of medication or denied a grievance form pursuant to specific county policies.  See, e.g., Leach v. Shelby County Sheriff, 891 F.2d 1241, 1247 (6th Cir. 1989) ("Under the principles articulated in Monell, [plaintiff] must demonstrate that his maltreatment was the result of a policy or custom

6

of the governmental entity. The policy involved here is one of deliberate indifference to the medical needs of paraplegic and physically incapacitated prisoners in the Shelby County Jail."). Therefore, to the extent the claims seek monetary relief against Defendants in their official capacity, they are defective. Plaintiff may seek injunctive relief against Defendants who are in a position to provide him injunctive relief. Accordingly, to the extent the claim seeks monetary relief against the individual defendants in their official capacity, the Complaint must be dismissed with leave to amend.

**D.   Plaintiff's "Administrative Grievance Procedure" Claim Fails To State A Claim**

Plaintiff alleges that his constitutional rights were violated by Officer Valdez when Plaintiff asked her for a "grievance procedure" following his seizure and "she stated that [Plaintiff] didn't have any proof to complain about." (Complaint at 5).

The Ninth Circuit has held that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); see also Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) ("The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation."); Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005) (holding that an inmate "does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction").

7

To the extent Plaintiff is complaining about Officer Valdez's response to his request, Plaintiff fails to state a claim because he has no right to a particular grievance procedure. Plaintiff's allegations against Officer Valdez fail to state a claim.

**CONCLUSION**

If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a First Amended Complaint, curing the defects in the Complaint described above. A First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the previously filed complaint. **The caption of any First Amended Complaint must <u>identify each individual</u> party that Plaintiff is suing**. Each page of the First Amended Complaint must be consecutively numbered.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Where a plaintiff is seeking monetary damages, each defendant may only be sued in his or her individual capacity. **Plaintiff must clearly show misconduct by each individually-named defendant**. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **<u>Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached</u>**.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).** Plaintiff is further advised that, if he does not wish to pursue this action, he may voluntarily dismiss it by filing a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). **<u>A sample notice is attached to this order as well.</u>**

DATED: March 12, 2012

                                                     /S/
                                        SUZANNE H. SEGAL
                                        UNITED STATES MAGISTRATE JUDGE